UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Columbia Gas Transmission, LLC,

    Plaintiff,

v.

171.54 Acres of Land, more or less,
in Fairfield, Hocking, Monroe, Morgan,
Muskingum, Noble, Perry, and Vinton *et. al.*,

    Defendants.

Case No. 2:17–cv–70

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

The Court appointed a Commission under Federal Rule of Civil Procedure 71.1(h)(2) to determine the compensation awards for the remaining defendants in this case. ECF No. 193. On June 30, 2021, the Commission issued a Report and Recommendation ("R&R"), ECF No. 279, recommending that the Court order Columbia Gas Transmission, LLC ("Plaintiff") to compensate B&N Coal, Inc. ("Defendant") in the amount of $28,474 for the property at issue. R&R 8, ECF No. 279.

Plaintiff moves the Court to Adopt the R&R. ECF No. 282. Defendant objects to the R&R, arguing that "the Chair improperly excluded admissible evidence relating to 'the fair market value of the estate take.'" Obj. 1, ECF No. 283. For the following reasons, the Court overrules Defendant's objection and **ADOPTS** the R&R.

## I. PROCEDURAL BACKGROUND

After appointing the Commission for this case on July 26, 2018, ECF No. 193, the Court asked the parties for proposed instructions for the Commission. ECF No. 212. Upon receipt of those suggestions, the Court issued proposed instructions and allowed the parties to object to the same. ECF No. 218. Defendant did not object to the proposed instructions. After reviewing other parties' objections, the Court finalized the Instructions for the Commission, without additional input from Defendant. ECF No. 222.

Once the Instructions were in effect, Plaintiff moved, based on those instructions, to have the testimony of Defendant's witnesses excluded. ECF Nos. 231 & 232. The Chair granted in part Plaintiff's motions *in limine*, significantly limiting what Defendant would be able to admit at trial. Chair's Ruling, ECF No. 238. The ruling determined that the Court's Instructions prohibited the type of evidence Defendant sought to admit.

At trial, Defendant moved two times for reconsideration of the Chair's prior ruling. Hrg. Tr. 24–26, 28, ECF No. 239-1. The Chair stood by his prior ruling. *Id.* Notwithstanding that ruling, Defendant's witness and the owner of the property, Baker, was able to provide limited testimony at trial. Counsel for Defendant also made a proffer of what Baker, and Defendant's other witness, Koon, would have testified to but for the motion *in limine* ruling. Hrg. Tr. 72–83, 87–95, ECF No. 239-1.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 71.1(h)(2)(D), the Commission has the powers of a special master under Federal Rule of Civil Procedure 53(c). The Court reviews objections to a Commission's R&R according to Federal Rule of Civil Procedure 53(F)(4–5), which requires the Court to review procedural matters for abuse of discretion and conclusions of law made or recommended by a master *de novo*. After review, the Court may "adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the [Commission] with instructions." Fed. R. Civ. P. 53(f)(1).

In drafting an R&R, Commissioners must "reveal the reasoning they use in deciding on a particular award, what standard they try to follow, which line of testimony they adopt, what measure of severance damages they use, and so on." *United States v. Merz*, 376 U.S. 192, 198 (1964); Inst. 3, ECF No. 222.

## III. ANALYSIS

Defendant objects to the Chair's application of the Court-provided Instructions. As the Chair acknowledges, his interpretation of the Instructions led him to deny the admission of the majority of Defendant's witnesses' testimony. R&R 9, ECF No. 279. To be clear, Defendant does not object that the Instruction itself is improper, only that the Chair's *interpretation* of said Instruction was improper.

At issue is Instruction 50, which reads:

**50. Evidence of "going rates"**

> The "going rate," i.e., the price per pole, per line-mile, per rod, or per lineal foot, for example, being paid for certain types of easements in an area, cannot be used as a substitute or proxy for fair market value in condemnation proceedings. *Transwestern Pipeline Co. v. O'Brien*, 418 F.2d 15, 18 (5th Cir. 1969) ("There is no basis for translating a dollar per rod settlement figure into a market value per acre figure."). "The price per rod is not a useful figure in determining fair market value of the easement area because sales based on a per rod basis include the value and damages to the strip of land plus damages to the remainder of the tract. Furthermore, overlying all of the negotiations is a consideration of the expense of condemnation . . . and the economic pressures of acquiring the right-of-way so that the construction may be completed and the proposed facility placed in operation. Furthermore, consideration of the expense and lost motion involved in relocation, additional construction, pipe and material costs and delay—none of which relate to the fair market value—are inevitably involved." *Id*.

ECF No. 222.

Defendant sought to rely on two witnesses at trial. Koon, who stated during his deposition that his "analysis will be based on a *price per linear foot* of the encumbered land," and Baker, who similarly stated that the "case is based on the *lineal footage* and the *value of that lineal footage*." Koon Depo., ECF No. 231-4; Baker Depo., ECF No. 232-3. As evidenced by their depositions, both witnesses based their opinions as to the fair market value on evidence of price per lineal foot being paid for easements.

Based on Instruction 50, the Chair ruled that Koon's and Baker's testimony regarding fair market value would not be admissible because it was based on a "price per lineal foot." Chair's Ruling, ECF No. 238. Looking at the plain reading of Instruction 50, the Chair reasoned:

> Instruction 50 unambiguously and without qualification prohibits substitution of a per lineal foot approach for fair market value. The instruction does not provide an escape hatch for when specific facts arguably or even do negate the underpinnings supporting the statement of law set forth in the instruction. This is dispositive because "it would be a violation of [the Commissioners'] sworn duty to base a decision upon any view of the law other than that given in the instructions of the Court." ECF No. 222.

Chair's Ruling 4, ECF No. 238. Defendant argues the Chair misinterpreted Instruction 50 in so ruling.

The Court disagrees. The first sentence of Instruction 50 is unambiguous. It provides that "[t]he 'going rate,' i.e., the price per pole, per line-mile, per rod, or per lineal foot, for example, being paid for certain types of easements in an area, cannot be used as a substitute or proxy for fair market value in condemnation proceedings." ECF No 222. This prohibition is clear and was properly interpreted by the Chair. The remainder of the Instruction explains the reasoning for the prohibition: such a measurement "is not a useful figure in determining fair market value of the easement area *because sales based on a per rod basis include the value and damages to the strip of land plus damages to the remainder of the tract.*" Inst. 50, ECF No. 222. But the prohibition itself is clear.

Defendant's arguments to the contrary are unavailing.

First, Defendant objects that Instruction 50 does not ban all talks of value based on lineal feet, only those that are expressed as the "going rate." Because neither Koon nor Baker used the phrase "going rate," Defendant contends, their testimony was not barred by Instruction 50.

The Court gives short shrift to this argument. Examples of types of going-rate measurements were listed in the Instructions to aid the Chair in applying the rules, and the Chair accurately applied them. One need not use the term "going rate" to in fact be talking about the going rate; it is immaterial that the witnesses did not explicitly use the term in their depositions.

Next, Defendant objects to the Chair's "fail[ure] to give due weight to Instruction 45." Instruction 45 provides that the owner of the property at issue can testify about the fair market value of the property and their interest in the property. ECF No. 222. Notwithstanding that Instruction, Plaintiff requested in its motion *in limine* that Baker's testimony be excluded in the entirety, because his deposition testimony showed his opinion was based on price per lineal foot. ECF No. 232. When ruling on that motion *in limine*, the Chair explained that:

> The deposition passages reproduced in Columbia Gas' briefing certainly suggest that Baker has no relevant testimony to offer the Commission in regard to fair market value. *See* ECF No. 232-1, at PageID #3060. If he indeed lacks an opinion as to the fair market value, then there is no point in his testifying regarding valuation. If, however, he can testify regarding fair market value apart from using a "price per linear foot" approach and tainted comparables, that is another matter. The Chair defers whether to exclude Baker from testifying based on his deposition testimony until the hearing and with the benefit of additional argument by counsel. The Chair therefore DENIES Columbia Gas' second motion *in limine* in regard to the wholesale exclusion of Baker for lack of an opinion.

Chair's Ruling 5, ECF No. 238. Again, the analysis hinged on the application of Instruction 50 because Baker intended to testify based on the price per lineal foot approach. *Id.*

The Chair's ruling was proper. It did not ignore Instruction 45; Baker, the owner of the property, *was* permitted to testify as to the fair market value and his interest in the property. However, as the Chair made clear in his ruling, such testimony needed to be relevant and admissible. In other words, Instruction 45 permitted Baker to testify, but Instruction 50 excluded any testimony based on lineal foot. The Chair properly harmonized these Instructions by allowing Baker to testify so long as he did not base his testimony on a price per lineal foot approach.

Hand in hand with this ruling regarding Baker's testimony came the necessary exclusion of Koon's testimony, as Koon formed his expert opinion based on the agreements that Baker was to testify to. Although Defendant argues again that this exclusion was the wrong decision, the language in Instruction 50 is clear. To the extent that Koon and Baker were testifying regarding the price per lineal foot, that testimony was properly excluded. It is not as though they got no chance to testify: the men were free to testify before the Commission so long as they did not use the prohibited going-rate measurements. Baker even took advantage of this option testifying before the Court until Plaintiff's counsel objected on the same basis discussed in the motion *in limine*. At that point, Counsel was able to make a proffer as to what Baker would have testified to. Hrg. Tr. 72–83, ECF No. 239-1. Counsel also made a proffer of Koon's proposed testimony. *Id.* at 87–95.

Finally, Defendant argues that the Chair could have provided a limiting instruction while allowing the evidence in. But this argument that the Chair *could have* admitted the evidence with a limiting instruction does not mean the Chair *needed* to do so. Given the clear prohibition on such evidence, the Chair determined the evidence was irrelevant to the Commission's task to find the fair market value. The Chair did not err in excluding non-admissible evidence.

The Court, although sympathetic to Defendant's frustration that the Chair's interpretation "effectively cut the legs out from under [it's] case", Obj. 2, ECF No. 283, would again note that the parties were all given the chance to object to the Instructions before they were adopted. Defendant had a chance to object to Instruction 50, seeing as the language clearly reflects that measurements based on a price per lineal foot will be excluded. At that point, the Court could have determined if an exception should have been made for Defendant's witnesses' testimony. Indeed, parties "have a responsibility to assist the process by specifying their objections to instructions, [and] by offering alternate ones." *Merz*, 376 U.S. at 199. But Defendant did not take that opportunity and now seems to have buyer's remorse. The Instruction was clear, and it was properly interpreted. Defendant's objection is overruled.

The R&R provided by the Commission is thorough and instructive. It details the standards properly used, as instructed by the Court, before turning to evaluate the credibility of the evidence heard at trial. Most of the evidence heard was presented by Plaintiff, specifically by their expert, Hinkle. The Commission,

although acknowledging that they were not duty-bound to accept Hinkle's opinion, found him to be a "credible, informed, and thoughtful" witness. R&R 7, ECF No. 279. Based on the evidence presented, the Commission fairly concluded that Plaintiff owes Defendant $28,474 for the property at issue.

## IV. CONCLUSION

Accordingly, Defendant's objection is **OVERRULED**, and the R&R is **ADOPTED**. The Clerk is **DIRECTED** to terminate ECF Nos. 279 and 282. Plaintiff is **ORDERED** to compensate Defendant in the amount of $28,474.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**